IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| VICKY S. CRAWFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3-03-0996 |
| ) | Judge Campbell |
| THE METROPOLITAN GOVERNMENT OF ) | Magistrate Judge Brown |
| NASHVILLE AND DAVIDSON COUNTY, ) | |
| TENNESSEE, ) | |
| ) | |
| Defendant. ) | |

## METROPOLITAN GOVERNMENT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

Plaintiff's motion to compel (Dkt. Entry No. 101) should fail because it (1) is procedurally defective, (2) is based on a version of Fed. R. Civ. P. 26(a)(1) that has been superseded, (3) is woefully untimely, and (4) requests information that is wholly irrelevant. By way of explanation, Plaintiff asks the Court to compel the Metropolitan Government to produce an e-mail referenced in KPMG auditor Patrick Braley's notes – notes that the Metropolitan Government provided to Plaintiff nearly five years ago. Plaintiff's motion is procedurally defective because it is not accompanied by a joint discovery statement, and it fails to identify any specific discovery request to which the requested e-mail would be responsive. Furthermore, Plaintiff's motion is substantively deficient because, in the absence of a discovery request that would encompass this e-mail, Plaintiff relies on Fed. R. Civ. P. 26(a)(1). The problem, however, is that ***Plaintiff relies on a superseded version of Rule 26(a)(1)*** – Rule 26(a)(1) no longer requires parties to disclose witnesses and documents merely because they might be relevant. Instead, under the 2000 amendments to Rule 26, parties are now only required to disclose

witnesses and documents on which they intend to rely in the lawsuit. But Plaintiff ignores the 2000 revision to Rule 26, and as a result, her reliance on Rule 26(a)(1) is misplaced.

Additionally, Plaintiff's motion is untimely. The e-mail to which Plaintiff refers is referenced in notes that the Metropolitan Government provided in *2004*. If Plaintiff wanted this e-mail, she should have sent an appropriate discovery request, and she should have done so five years ago. But Plaintiff did not send a request, and now – five years later – she should not be heard to complain that she does not have a document that she did not request. Finally, Plaintiff's motion should fail because this alleged e-mail, which Plaintiff contends "goes to the heart of this lawsuit," is irrelevant to the issues before the Court.

For these reasons, and as discussed in more detail below, the Metropolitan Government respectfully requests that the Court deny Plaintiff's motion to compel.

**I.     Plaintiff's Motion to Compel Should Be Denied Because She Failed to Comply With Local Rule 37.01.**

As an initial matter, Plaintiff's motion to compel should fail because it is procedurally deficient. Local Rule 37.01 requires a joint written discovery statement to accompany a motion to compel, stating: "Prior to filing any discovery motion, counsel for the parties shall prepare a joint written statement of the matters at issue in the discovery dispute. The joint statement of issues shall be attached to any discovery motion." *Id.* at (a). Plaintiff never approached undersigned counsel about preparing a joint statement of issues and certainly did not file one with her motion to compel.

Furthermore, Plaintiff's motion to compel also fails to comply with Local Rule 37.01(b)(2)(a), which requires a movant to identify any discovery request that the movant contends remains unanswered: "Motions to compel discovery in accordance with Rules 30, 33, 34, 36, and 37 of the *Federal Rules of Civil Procedure* shall . . . [q]uote verbatim each deposition

question, interrogatory, request for admission, or request for production to which objection has been taken." Local Rule 37.01(b)(2)(a). But Plaintiff has not identified any discovery request that would encompass the e-mail (because, as discussed below, Plaintiff did not propound a discovery request that would encompass this e-mail). Thus, Plaintiff has failed to comply with Local Rule 37.01.

Local Rule 37.01 sets forth a specific procedure that must be followed when filing a discovery motion. Plaintiff has not complied with the letter or the spirit of Rule 37.01. For this reason alone, her motion to compel should be denied.

**II.    Plaintiff's Motion to Compel Should Be Denied Because It Is Based on the 1993 Version of Fed. R. Civ. P. 26(a)(1), Which Was Specifically Superseded in 2000.**

Instead of citing a specific discovery request as grounds for her motion, Plaintiff argues that the Metropolitan Government should have identified (or disclosed) the e-mail in question as part of its Rule 26 initial disclosures. (Pl.'s Mem. of L. in Support of Mot. to Compel at 5-7, Dkt. Entry No. 102). Plaintiff's argument, however, is not only incorrect; it is misleading.

Federal Rules of Civil Procedure 26(a)(1) outlines a party's obligation to disclose certain witnesses and documents without the necessity of a formal discovery request. Rule 26(a)(1) is clear, however, that the disclosing party is only obligated to identify witnesses and documents that it ***may use to support its claims or defenses***:

> [A] party must, without awaiting a discovery request, provide to the other parties . . . a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

FED. R. CIV. P. 26(a)(1)(A)(ii) (emphasis added).

Despite the clear language in Rule 26(a)(1), Plaintiff argues that "[t]he defendant was under a duty to provide the name of Jennifer Bozeman and her discoverable information,"

R:\L\L\L-13000+\L-13804\Pleadings\RespMotCompel2009(f).doc
Case 3:03-cv-00996    Document 107    Filed 08/31/2009    Page 3 of 12

3

including, presumably, the e-mail that Plaintiff now seeks. (Pl.'s Mem. in Supp of Mot. to Compel at 6, Dkt. Entry No. 102). In support, Plaintiff cites the Advisory Committee Notes to the 1993 amendments to Rule 26, which state that "the requirement for disclosure of documents applies to all potentially relevant items then known to the party, whether or not supportive of its contentions in the case. (Pl.'s Mem. in Supp of Mot. to Compel at 6, Dkt. Entry No. 102). Plaintiff's analysis, however, ignores the 2000 amendments to Rule 26, which changed Rule 26 in a manner that is fatal to Plaintiff's argument.

By way of explanation, in 1993, Fed. R. Civ. P. 26(a) was amended to impose "a duty to disclose, without awaiting formal discovery requests, certain basic information that is needed in most cases to prepare for trial or make an informed decision about settlement." FED. R. CIV. P. 26, 1993 Advisory Committee Notes. Subparagraph (1) was "the functional equivalent of court-ordered interrogatories," which required "early disclosure, without need for any request, of four types of information that have been customarily secured early in litigation through formal discovery." *Id.* Within paragraph (1), subparagraph (A) required identification of all persons likely to have "*discoverable information relevant to the factual disputes between the parties.*" *Id.* (emphasis added). Subparagraph (B) required disclosure of "potentially relevant documents and records." *Id.* In fact, subparagraphs (A) and (B) of the 1993 version of Rule 26 required parties to disclose all persons likely to have discoverable information and all potentially relevant documents, "*whether or not supportive of its contentions in the case.*" *Id.* (emphasis added).

In 2000, Fed. R. Civ. P. 26(a) was amended to narrow significantly a party's obligation to identify witnesses and documents. Instead of requiring the disclosing party to identify all witnesses likely to have relevant information and all relevant documents, Rule 26 now requires parties to identify only those witnesses and documents that the disclosing party may use "*to

*support its claims or defenses.*" FED. R. CIV. P. 26(a)(1)(A), (B). As the Advisory Committee Notes to the 2000 Amendments make clear, "[t]he initial disclosure obligation of subdivisions (a)(1)(A) and (B) has been narrowed to identification of witnesses and documents that the disclosing party may use to support its claims or defenses." FED. R. CIV. P. 26, 2000 Advisory Committee Notes. Accordingly, "[a] party is no longer obligated to disclose witnesses or documents, whether favorable or unfavorable, that it does not intend to use." *Id.*

In support of her motion, Plaintiff cites the 1993 Advisory Committee Notes to Rule 26, which discuss the ***prior***, ***broader*** version of the rule. Plaintiff's reliance on the 1993 Advisory Committee Notes, however, is nothing short of frivolous. The 2000 Advisory Committee Notes make very clear that "[a] party is no longer obligated to disclose witnesses or documents, whether favorable or unfavorable, that it does not intend to use." FED. R. CIV. P. 26, 2000 Advisory Committee Notes.

Few courts have addressed this specific issue, perhaps because Rule 26 and the Advisory Committee Notes interpreting it are clear. But those courts that have considered the scope of a party's obligation under Rule 26(a)(1) uniformly limit the disclosing party's obligation to witnesses and documents that it may use ***to support its claims or defenses***. For example, in *J & M Associates, Inc. v. National Union Fire Ins. Co. of Pittsburg*, 2008 WL 5102246, at *1 (S.D. Cal.), the Southern District of California rejected the defendant's argument that the plaintiff was obligated to disclose certain documents, notwithstanding the fact that the plaintiff had no intention of using those documents to support its claims or defenses:

> National Union first argues that the above-described financial information should have been provided by J & M in connection with the initial disclosure requirements of Fed. R. Civ. P. ("Rule") 26(a) (1)(A)(ii) and (iii). *Id.* at 2-3. Under the express language of the Rule, however, a party need only provide, as part of its initial disclosures, "documents, electronically stored information, and tangible things" that it *"may use to support its claims or defenses"* as well as "a

computation of each category of damages claimed" and "the documents or other evidentiary material ... *on which each computation is based,* including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26 (a)(1)(A)(ii)-(iii) (emphases added). "The initial disclosure obligation of subdivisions (a)(1)(A) and (B) has been narrowed to identification of witnesses and documents that *the disclosing party may use* to support its claims or defenses.... A party is no longer obligated to disclose witnesses or documents, whether favorable or unfavorable, that it does not intend to use." Fed. R. Civ. P. 26 Advisory Committee Notes, 2000 Amendment (emphasis added).

*Id.* at *1 (attached hereto) (emphasis original). The court noted that, insofar as the defendant wanted specific documents, it should have propounded a discovery request for those documents:

> [I]t seems to the Court that if National Union desired the specific documents and materials it now seeks, it should have propounded discovery requests for this information. Thus, unless J & M intends to *use* any of the above-described financial information at a pretrial conference, to support a motion, at trial, or in discovery (*see* Fed. R. Civ. P. Advisory Committee Notes, 2000 Amendment, defining "use"), it was not obligated to provide the information now sought by National Union as part of its initial disclosures.

*Id.*; *see also Gomas v. City of New York*, 2009 WL 962701, at *2 (E.D.N.Y.) ("[T]he issue before the Court is not whether the information in question was discoverable under Rule 26(b)(1) had plaintiff made a timely demand for it; rather, the issue is whether defendants were obligated to disclose that information without such a demand.") (attached hereto); *Yaccarino v. Motor Coach Industries, Inc.*, 2006 WL 5230033, at *6 (E.D.N.Y.) ("That [certain documents] might be useful to *plaintiffs* in proving *their* claims does not trigger [defendant's] obligation of automatic disclosure under Rule 26.") (emphasis original) (attached hereto).

Parties are no longer obligated to disclose witnesses and documents that are "*potentially relevant.*" Now parties are obligated to disclose witnesses and documents that the disclosing party may use "*to support its claims or defenses.*" Whether Plaintiff's citation to the superseded Advisory Committee Notes was mistaken or intentional, one thing is clear – it provides no support for her position that the Metropolitan Government failed to comply with its obligations under Rule 26. The Metropolitan Government has no intention of using the e-mail Plaintiff

seeks (if it even exists), and thus, the Metropolitan Government had no obligation to identify it in its initial disclosures.[1] For this additional reason, Plaintiff's motion to compel fails.

### III. Plaintiff's Motion to Compel Should Be Denied Because It Is Woefully Untimely.

Furthermore, Plaintiff's motion should fail because it is untimely. In her motion, Plaintiff suggests that she first learned of an alleged e-mail to Jennifer Bozeman when she took the deposition of Joe Sullivan in December 2009. This is simply false. The alleged e-mail was referenced in a page of handwritten notes that the Metropolitan Government provided ***September 27, 2004***. If Plaintiff wanted this e-mail, she should have sent an appropriate discovery request, and she should have done so five years ago. But Plaintiff did not send a request, and now – five years later – she should not be heard to complain that she does not have a document that she did not request.[2]

By way of background, in 2002, the Metropolitan Government brought in investigators from KPMG to investigate the Board of Education's Payroll Division. (*See* Braley Notes, attached to Pl.'s Mot. to Compel at Exhibit 1, Dkt. Entry No. 101-1). One of those investigators

---

[1] Plaintiff also appears to argue that Jennifer Bozeman was not disclosed in the Metropolitan Government's initial disclosures. This argument fails for several reasons. First, because the Metropolitan Government had no intention of relying on Ms. Bozeman to support its defenses in this case, the Metropolitan Government was not obligated to list Ms. Bozeman in its initial disclosures. Second, whether or not the Metropolitan Government had a duty to disclose Ms. Bozeman, in its initial disclosures, the Metropolitan Government identified "[a]ny individuals identified in the HR report on Gene Hughes." (Metro. Gov't Initial Discls. at 2, attached as Exhibit 6 to Pl.'s Mem. of L. in Support of Mot. to Compel, Dkt. Entry No. 102-6). Ms. Bozeman's name was unquestionably included in that report. (Fact Finding Report at 1, attached as Exhibit 2 to Pl.'s Mem. of L. in Support of Mot. to Compel, Dkt. Entry No. 102-6). Thus, she was disclosed. Finally, as Plaintiff concedes in her motion, **Plaintiff deposed Ms. Bozeman in this case**. The duty to supplement initial disclosures only pertains to "additional or corrective information [that] has not otherwise been made known to the other parties during the discovery process." FED. R. CIV. P. 26(e). Plaintiff clearly knew of Ms. Bozeman – she deposed Ms. Bozeman. Thus, Plaintiff's argument that the Metropolitan Government failed to identify Ms. Bozeman is also unavailing.

[2] The undersigned notes that Plaintiff waited to file her motion to compel until the same day that the Metropolitan Government's motion for summary judgment was due.

was Patrick Braley. During an interview with Veronica Frazier, Mr. Braley took handwritten notes that appear to refer to an e-mail that Ms. Bozeman received (though it is unclear whether Mr. Hughes sent the e-mail or whether the e-mail was forwarded to Ms. Bozeman by someone else). (*Id.* ("Jennifer Bozeman had received a questionable email.")).

Plaintiff suggests that she first learned of this alleged e-mail when she took the deposition of Joe Sullivan in December 2009. What Plaintiff fails to note, however, is that the Metropolitan Government sent her Mr. Braley's notes, including his notes from his interview of Ms. Frazier, on *September 27, 2004*. (September 27, 2004 Letter from Frank Young discussing production of KPMG file, attached hereto as Exhibit A). In fact, Mr. Sullivan's recent deposition testimony did not reveal anything new about the e-mail or the notes that reference the e-mail. To the contrary, beyond simply confirming that the notes said what Plaintiff's counsel purported that they said, Mr. Sullivan had nothing to offer about the e-mail. He had no independent recollection of an e-mail, Mr. Braley's notes, the conversation with Ms. Frazier during which the notes were prepared, or even Ms. Frazier. (Sullivan Dep. at 119-22, excerpts attached hereto as Exhibit C).

The time for Plaintiff to have requested an alleged e-mail has come and gone. *See J & M Assocs.*, 2008 WL 5102246, at *1 ("Moreover, J & M served its initial disclosures on September 11, 2006, nearly two years before National Union filed this motion. The time for National Union to contend that J & M's initial disclosures were deficient has long since passed." (internal citations omitted)). Apparently recognizing this, Plaintiff paints the picture as though her first notice of an e-mail was during Joe Sullivan's recent deposition. But this is simply false. And

the Court should reject Plaintiff's attempt to circumvent the discovery deadline by masquerading her failure to send appropriate discovery requests as "newly-discovered evidence."[3]

### IV. Plaintiff's Motion to Compel Should Be Denied Because the Phantom E-mail Is Irrelevant to the Issues Before the Court.

Finally, Plaintiff's motion to compel should be denied because the e-mail she has requested is wholly irrelevant. Plaintiff's sole claim is for retaliation under Title VII of the Civil Rights Act of 1964, as amended. Thus, the critical issues are (1) whether Plaintiff can establish a *prima facie* case of retaliation; (2) if so, whether the Metropolitan Government has presented evidence of a legitimate, non-discriminatory reason for its actions, and (3) if Plaintiff establishes a prima facie case of retaliation, and the Metropolitan Government presents a legitimate, non-discriminatory reason for its actions, whether Plaintiff can establish that the Metropolitan Government's legitimate, non-discriminatory reason is actually a pretext for retaliation. *See Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 736 (6th Cir. 2006); *Hopkins v. Elec. Data Sys. Corp.*, 196 F.3d 655, 662 (6th Cir. 1999). Plaintiff cannot carry her burden, and the e-mail she seeks has nothing to do with these issues.

First, Plaintiff cannot show that Chris Henson, the individual who decided to suspend and later terminate her, knew about her protected activity (*i.e.*, participation in the Metropolitan Government's Human Resource Department's investigation into Gene Hughes's purported

---

[3] And this is not the first time that Plaintiff has misled the Court. Seeking to re-open discovery and take Joe Sullivan's deposition, Plaintiff misrepresented to the Court at an April 16, 2009 hearing that the Metropolitan Government had never produced a privilege log and certain documents on the privilege log. Prior to that time, Plaintiff had cancelled Mr. Sullivan's deposition on a number of occasions after it was scheduled. (*See* discussion in Metro. Gov't Mot. To Reconsider Opening of Discovery, Dkt. Entry No. 96). In strikingly-similar fashion, Plaintiff now cites inapplicable authority and argues that the Metropolitan Government has acted inappropriately, despite Plaintiff never having requested the document at issue in discovery. It is inequitable and unjustified that Plaintiff could continue to make eleventh-hour misrepresentations to obtain materials that she never sought properly through discovery channels.

sexual harassment).  Furthermore, Plaintiff cannot establish a causal connection between her protected activity and Mr. Henson's decision to suspend and terminate her employment.  And finally, Plaintiff has no evidence that Mr. Henson's legitimate, non-discriminatory reason for suspending, and later terminating, her employment is a pretext for retaliation.  Mr. Henson terminated Plaintiff's employment because the Board of Education's Payroll Division, which Plaintiff supervised, was in total disarray.  And there is nothing in the record to support the notion that Plaintiff was terminated for any other reason.

These are the issues presented.  And despite Plaintiff's conclusory assertion that the phantom e-mail "goes to the heart of this lawsuit," (Pl.'s Mot. to Compel at 3, Dkt. Entry No. 101), she has wholly failed to explain how this e-mail has any bearing on the issues presented. Quite simply, the e-mail has nothing to do with plaintiff's retaliation claim – whether Tamara Sadler complained to Jennifer Bozeman about Gene Hughes or vice versa has nothing to do with whether Chris Henson terminated Plaintiff's employment for poor performance.  And the impetus for the Human Resource Department's investigation into Gene Hughes's purported sexual harassment likewise has nothing to do with plaintiff's retaliation claim.

Plaintiff makes quite a leap in asserting that "the Defendant realizing the retaliatory nature of Hughes protected its own by not revealing Bozeman as one [of] the individuals complaining of the harassment and let the other three female employees be fired."  (Pl.'s Mem. of L. in Support of Mot. to Compel at 13, Dkt. Entry No. 102).  But her conspiracy theory falls woefully short of establishing relevance, much less that this alleged e-mail is a "critical" piece of evidence.  Thus, for this additional reason, the Court should deny Plaintiff's motion to compel.

R:\L\L\L-13000+\L-13804\Pleadings\RespMotCompel2009(f).doc

Case 3:03-cv-00996    Document 107    Filed 08/31/2009    Page 10 of 12

10

## V. Conclusion

Plaintiff's motion to compel should be denied for four separate and distinct reasons. First, the motion is procedurally defective because Plaintiff failed to comply with Local Rule 37.1, which governs motions to compel in this district. Specifically, Plaintiff has not identified a discovery request to which the e-mail at issue would have been responsive, nor has she filed a joint discovery statement. Second, the "support" for Plaintiff's motion is a version of Fed. R. Civ. P. 26(a)(1) that has been superseded. Third, the Metropolitan Government produced the notes that reference the e-mail in question five years ago, thereby rendering Plaintiff's request for the e-mail woefully untimely. And finally, rather than being a critical piece of evidence as Plaintiff suggests, the e-mail is wholly irrelevant to the issues before the Court in this case.

For these reasons, the Metropolitan Government respectfully requests that the Court deny Plaintiff's motion to compel.

THE DEPARTMENT OF LAW OF THE
METROPOLITAN GOVERNMENT OF
NASHVILLE AND DAVIDSON COUNTY
Sue B. Cain, #9380, Director of Law

/s/Allison L. Bussell
Kevin C. Klein, #23301
Allison L. Bussell, #23538
Assistant Metropolitan Attorneys
P.O. Box 196300
Nashville, TN 37219
(615)862-6341

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been forward via the Court's electronic filing system to Ann Buntin Steiner, 214 Second Avenue North, Suite 203, Nashville, Tennessee 37201, on this the 31st day of August, 2009.

/s/Allison L. Bussell
Allison L. Bussell