IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| VICKY S. CRAWFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3-03-0996 |
| | ) | Judge Campbell |
| THE METROPOLITAN GOVERNMENT OF | ) | Magistrate Judge Brown |
| NASHVILLE AND DAVIDSON COUNTY, | ) | |
| TENNESSEE, | ) | |
| | ) | |
| Defendant. | ) | |

**THE METROPOLITAN GOVERNMENT'S
PRE-TRIAL BRIEF ON RECOVERABLE DAMAGES**

In her Complaint, Plaintiff seeks "compensatory damages" including, but not limited to "damages for pain and suffering, humiliation, embarrassment, back pay, lost benefits and personal injury." Complaint, p. 5 (Docket No. 1). Additionally, Plaintiff requests reinstatement, "or front pay in lieu thereof," "liquidated and punitive damages," "prejudgment interest," "attorneys fees," and costs. *Id.*

Under Title VII, the jury may award "compensatory damages." Jacob A. Stein, 1 *Stein on Personal Injury Damages Treatise* § 5:3 (3rd Edition). "[C]ompensatory damages consist of past pecuniary loss (out-of-pocket loss), future pecuniary loss, and nonpecuniary loss (emotional harm)." *Id.* In this case, compensatory damages are capped at $300,000. *See* 42 U.S.C. 1981a(b)(3)(d).

Equitable remedies, such as reinstatement or front pay, are also available under Title VII; however, the Court determines whether reinstatement or front pay are appropriate. *See Cox v. Shelby State Community College*, 194 Fed.Appx. 267, 275 (6th Cir. 2006) ("Determination of when to award front pay is within the discretion of the trial

court . . . ."). Additionally, "the remedies of reinstatement and front pay are alternative, rather than cumulative." *Id.* (citation omitted).

Finally, while Plaintiff requests liquidated and punitive damages, Title VII does not provide for liquidated damages. Furthermore, it is well-settled that a plaintiff may not recover punitive damages under Title VII against a governmental entity. *See Robinson v. Runyon*, 149 F.3d 507, 516-17 (6th Cir. 1997) (holding that governmental agencies are exempt from punitive damages under Title VII); *Triplett v. Shelby County Government*, 621 F.Supp.2d 576 (W.D. Tenn. 2008) ("A plaintiff cannot recover punitive damages against a governmental entity under Title VII or § 1983). In fact, Congress has specifically exempted governmental entities from liability for punitive damages under Title VII. *See* 42 U.S.C. § 1981(b)(1)(2008). Accordingly, Plaintiff cannot recover punitive damages in this case.

                              THE DEPARTMENT OF LAW OF THE
                              METROPOLITAN GOVERNMENT OF
                              NASHVILLE AND DAVIDSON COUNTY
                              Sue B. Cain, #9380, Director of Law

                              /s/ Kevin C. Klein
                              Kevin C. Klein, #23301
                              Allison Bussell, #23538
                              Assistant Metropolitan Attorney
                              P.O. Box 196300
                              Nashville, TN  37219
                              (615)862-6341

                              *Attorneys for the Metropolitan Government*

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document has been forward via the Court's electronic filing system to Ann Buntin Steiner, 214 Second Avenue North, Suite 203, Nashville, Tennessee 37201, on this the 4th day of January, 2010.

                                    /s/ Kevin C. Klein
                                    Kevin C. Klein

3

Case 3:03-cv-00996    Document 146    Filed 01/04/2010    Page 3 of 3