IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| VICKY S. CRAWFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3-03-0996 |
| ) | Judge Campbell |
| THE METROPOLITAN GOVERNMENT OF ) | Magistrate Judge Brown |
| NASHVILLE AND DAVIDSON COUNTY, ) | |
| TENNESSEE, ) | |
| ) | |
| Defendant. ) | |

## THE METROPOLITAN GOVERNMENT'S SUPPLEMENTAL PRE-TRIAL BRIEF

During the Pre-Trial Conference, the Court requested that the parties examine two legal issues. First, the Court requested that the parties discuss whether nominal damages are available under Title VII. Second, the Court requested that the parties examine the discussion of the "Business Judgment Rule" in footnote six of *White v. Baxter*, 533 F.3d 381, 393 f.6 (6th Cir. 2008).

First, with respect to the damages issue, the Metropolitan Government's research indicates that nominal damages do not have to be awarded if the jury finds a technical violation without resulting damage; however, it appears that the jury may award nominal damages if the jury finds a technical violation:

> While a finding of liability under either § 1981 or § 1983 automatically provides the victim with a nominal damage award, the few courts that have considered the issue have concluded that a Title VII violation does not automatically amount to a nominal damage award. Rather, a plaintiff must request that the jury receive an instruction on nominal damages, thereby placing the decision whether to award such damages in the jury's hands.

*Kelly Koenig Levi*, ALLOWING A TITLE VII PUNITIVE DAMAGE AWARD WITHOUT AN ACCOMPANYING COMPENSATORY OR NOMINAL AWARD, 89 KYLJ 581, 615 (2000-2001).

Accordingly, to the extent an instruction on nominal damages is included, it should read: "If you find that the Defendant retaliated against the Plaintiff in violation of Title VII, but you find that her damages have no monetary value, then you *may* return a verdict for the Plaintiff in the nominal amount of one dollar ($1.00)."

With respect to the "business judgment rule," counsel acknowledges the discussion in *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 393 f.6 (6th Cir. 2008). Authorities are in agreement, however, that the factfinder should not assume "the illegitimate role of acing as a 'super personnel department,'" overseeing and second guessing employers' business decisions," but instead, should act only to prevent "unlawful employment practices." *Bender v. Hecht's Dept. Stores*, 455 F.3d 612, 627 (6th Cir. 2006) (*quoting Verniero v. Air Force Acad. Sch. Dist. No. 20*, 705 F.2d 388, 390 (10th Cir. 1983). In the absence of some form of business judgment instruction, the jury may be tempted to overstep its role.

In its proposed jury instructions, the Metropolitan Government cited 3C Kevin F. O'Malley et al., *Federal Jury Practice and Instructions* § 171.75 (5th ed. 2001) and Todd J. McNamara and J. Alfred Southerland, *Federal Employment Jury Instructions* § 3:430 (2d rev. 2001). Both of those authorities support inclusion of a business judgment rule in some form, and the Metropolitan Government submits that its proposed instruction succinctly and accurately instructs the jury on its duty not to act as a "super personnel department."

THE DEPARTMENT OF LAW OF THE
METROPOLITAN GOVERNMENT OF
NASHVILLE AND DAVIDSON COUNTY
Sue B. Cain, #9380, Director of Law

/s/ Kevin C. Klein_____
Kevin C. Klein, #23301
Allison Bussell, #23538
Assistant Metropolitan Attorney
P.O. Box 196300
Nashville, TN 37219
(615)862-6341

*Attorneys for the Metropolitan Government*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been forward via the Court's electronic filing system to Ann Buntin Steiner, 214 Second Avenue North, Suite 203, Nashville, Tennessee 37201, on this the 14th day of January, 2010.

/s/ Kevin C. Klein_____
Kevin C. Klein